IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAMES ARTHUR MILLER,      )
         )
    Plaintiff,        )
         )
v.              )      CASE NO.: 3:17-cv-584-GMB
         )      [WO]
NANCY A. BERRYHILL,     )
Acting Commissioner,       )
Social Security Administration,  )
         )
    Defendant.      )

**<u>MEMORANDUM OPINION AND ORDER</u>**

On January 20, 2015, Plaintiff James Arthur Miller applied for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act") alleging a disability onset date of April 15, 2006. R. 16. Miller subsequently amended the disability date to September 1, 2010. R. 194–95. Miller then requested and received a hearing before an Administrative Law Judge ("ALJ") on March 30, 2016. R. 16. On October 4, 2016, the ALJ denied Miller's claims. R. 29. Miller's request for review of the ALJ's decision by the Appeals Council was denied on August 5, 2017. R. 1. As a result, the ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner") as of August 5, 2017.

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented for the undersigned United States Magistrate Judge to conduct all proceedings in this case and to enter a final judgment. *See* Docs. 10 & 11.

Based on the court's careful review of the parties' arguments, the record, and the relevant case law, the court concludes that the decision of the Commissioner is due to be REVERSED and REMANDED to the ALJ for further proceedings consistent with this opinion.

## I. NATURE OF THE CASE

Miller seeks judicial review of the Commissioner's decision denying his application for disability insurance benefits. United States District Courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405. The court may affirm, reverse and remand with instructions, or reverse and render a judgment.

## II. STANDARD OF REVIEW

The court reviews a social security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotations and citations omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v.*

*Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

If the ALJ finds at step three that the claimant is disabled, and there is medical evidence of drug addiction or alcoholism, the ALJ must then determine whether the drug addiction or alcoholism was a material contributing factor to the disability determination. 20 C.F.R. § 404.1535(a). The key factor in determining whether drug addiction

or alcoholism is a contributing factor material to the determination of disability is whether the claimant would still be found disabled, *i.e.*, whether the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b)(1). If the Commissioner finds that the remaining limitations are disabling, she will find that the drug addiction or alcoholism is not a contributing factor and that the claimant is disabled. 20 C.F.R. § 404.1535(b)(2)(ii). Plaintiff bears the burden of providing that any drug or alcohol addiction is not a contributing factor material to a disability determination. *Doughty v. Apfel*, 245 F.3d 1274, 1279–80 (11th Cir. 2001). A finding that the alcoholism is a contributing factor material to the disability determination, precluding the award of social security benefits, will be affirmed if supported by substantial evidence. *See id.*

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Miller bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

(1)  Is the claimant presently unable to engage in substantial gainful activity?
(2)  Is the claimant's impairment(s) severe?
(3)  Does the claimant's impairment(s) satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4)  Is the claimant unable to perform his former occupation?
(5)  Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)–(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

**IV.  FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS**

Miller was 55 years old on the alleged disability onset date. R. 23.  He earned a high school diploma and holds an associate degree in electronics. R. 42–43.  Miller's employment had consisted of, among other things, repairing copy machines and other electronics. R. 44–46.  Miller did not engage in substantial gainful activity during the relevant period of September 1, 2010 through December 31, 2011. R. 18–19.  Miller's primary complaints are cirrhosis of the liver, Hepatitis C, subdural hematoma and brain surgery, esophageal bleed, and chronic alcoholism. R. 46 & 200.  Miller's brain surgery

resulted in residual effects such as memory problems. R. 55. His liver disease resulted in

added fatigue and body aches, for which he was prescribed pain medication. R. 55–56. He

also claims to have suffered severe pain in his spleen. R. 56.

Following the administrative hearing, the ALJ found that Miller suffered from the

following severe combination of impairments under 20 C.F.R. §§ 404.1520(c): "hepatitis

C; hypertension; history of portal hypertension; status post-subdural hematoma evacuation

via right craniotomy secondary to a fall with residual hemorrhaging; history of

thrombocytopenia secondary to alcohol abuse; history of anemia; history of mild

pancreatitis; history of gastritis; cirrhosis, secondary to alcohol addiction; history of hepatic

encephalopathy, mild; history of edema; history of hiatal hernia; reflux disease; and

substance addiction, to wit: alcohol." R. 19. Despite this combination of severe

impairments, the ALJ found, at step three of the analysis, that Miller did not have an

impairment or combination of impairments that meets or medically equals the severity of

one of those listed in the applicable regulations. R. 20. The ALJ further found, at steps

four and five, that Miller has the residual functional capacity ("RFC") to perform "medium

work."[1] R. 21. Specifically, the ALJ concluded that Miller can perform medium work with

the following limitations:

> [Miller] could stand and/or walk at least two hours without interruption, and
> at least six hours over the course of an eight hour workday. The claimant
> could sit at least two hours without interruption, and at least six hours over
> the course of an eight-hour workday. The claimant could not climb ropes,
> poles, or scaffolds. The claimant could occasionally climb ladders, ramps,

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

and, stairs. The claimant could frequently balance, stoop, kneel, and crouch. The claimant could occasionally crawl. The claimant could occasionally work in humidity, wetness, and extreme temperatures. The claimant could not work at unprotected heights. The claimant could frequently work with operating hazardous machinery. The claimant could frequently operate motorized vehicles. The claimant could not safely perform even simple, routine, and repetitive work activity on a regular and continuing basis.

R. 21–22. The ALJ ultimately concluded that, because Miller's substance use disorder was a contributing factor material to the disability determination, Miller was not disabled within the meaning of the Social Security Act from September 1, 2010, his alleged disability onset date, through the date of the ALJ's decision. R. 28–29. The ALJ therefore denied his claims. R. 29.

## V. DISCUSSION

Miller contends that the ALJ erred in three ways:[2] (1) by not meaningfully discussing how certain alleged medical impairments might affect his ability work; (2) by improperly acting as both judge and medical doctor; and (3) by not properly considering Miller's pain testimony before issuing its decision. Doc. 12 at 4.

Having carefully considered the parties' arguments, the record, and the applicable legal authority, and for the reasons set forth below, the undersigned finds that the Commissioner's decision is due to be reversed and remanded. The court will now discuss each issue in turn.

---

[2] Miller's brief contains this "statement of the issues." Doc. 12 at 4. Any issue not raised before the court is deemed to have been waived. *See Dial v. Berryhill*, 2017 WL 459859, at *3 (M.D. Ala. Feb. 2, 2017) (citing *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x. 882, 885 (11th Cir. 2011) (concluding in a social security case that issues not raised before the district court are waived)).

**A.      Duty to Develop the Record**

Miller contends that the ALJ failed to consider all the evidence in his case because he did not meaningfully discuss certain purported medical impairments and because he failed to order any consultative examinations. Doc. 12 at 10–11. "It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ is required to develop a complete medical history for at least the 12 months preceding the claimant's application for disability. 20 C.F.R. § 416.912(b)(1). However, the claimant bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison*, 355 F.3d at 1276. "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r*, 496 F.3d 1253, 1269 (11th Cir. 2007); *see also Tomblin v. Berryhill*, 2018 WL 5114143, at *5 (M.D. Ala. Oct. 18, 2018) (holding that an ALJ is "not required to order additional tests [if] the record contain[s] sufficient evidence for an informed decision regarding whether the claimant was disabled and the claimant" relies on speculation rather than on a showing of "clear prejudice or unfairness") (citations omitted). In evaluating the necessity for remand on this basis, courts look to see "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

The first issue before the court, therefore, is whether the ALJ properly developed the record. Specifically, Miller argues that the ALJ did not properly consider the residual

effects resulting from Miller's post-subdural hematoma evacuation, and should have ordered a consultative examination. Doc. 12 at 10–11.  Upon review of the record, however, the court finds that the ALJ fulfilled his duty.  The record does not reveal evidentiary gaps, and if Miller wanted the ALJ to consider additional medical evidence it was his responsibility to request and produce it. *See Ellison*, 355 F.3d at 1276 (finding that the ALJ "was in no way bound to develop the medical record" after the date of filing for benefits).

In the instant case, for example, the ALJ considered evidence predating Miller's application for benefits by at least seven years and his alleged onset date by at least two years. R. 22 & 445–56.  Moreover, the ALJ considered the craniotomy that Miller underwent prior to September 1, 2010, the disability onset date. R. 22 & 285–87.  The ALJ then considered the possibility of residual effects and noted that Miller had a normal physical examination in the weeks following the craniotomy. R. 22 & 283.  The ALJ examined Miller's records showing an ongoing diagnosis of hypertension and an abnormality with his spleen, among a number of other impairments. R. 22, 273 & 280.  The ALJ noted that "the records are extremely limited during the relevant period, with the claimant receiving intermittent care that was primarily routine in nature." R. 22.  Further, the ALJ determined that "outside periods of acute intoxication and resulting recovery, the record is void of any medical or objective evidence of cognitive deficit." R. 25.  In the end, the ALJ concluded that [t]he combination of the claimant's physical impairments does not reflect significant lifting limitations, but the claimant's abdominal pain and reported fatigue would support a limitation to medium work." R. 22–23.  In light of the ALJ's findings, and

the record before the court, Miller can only speculate that additional testing might have produced evidence to support his claim. *Brown*, 44 F.3d at 935. In short, the ALJ engaged in a thorough review of all the evidence, including events that took place prior to the disability onset date. The court thus concludes that the ALJ's informed decision was supported by sufficient evidence in the record.

## B.    Improperly Acting as Judge and Medical Doctor

The second issue Miller raises in his brief is whether the ALJ erred by substituting his own opinion for that of a medical professional. Doc. 12 at 11–13. Miller contends that, in light of the record's lack of medical opinions pertaining to specific impairments, the ALJ failed to cite to any medical rationale or authority to support its RFC determination. Doc. 12 at 12. Here, the crux of Miller's argument appears to be that the ALJ erred because his finding was "based solely on his own medical evaluations." Doc. 12 at 12. Therefore, Miller argues that the ALJ improperly substituted his opinion for a medical professional's opinion by effectively deciding, through his RFC assessment, that Miller could perform medium work. Doc. 12 at 12.

The court finds Miller's arguments on this issue unpersuasive. There is no requirement that an RFC assessment be supported by a medical professional's opinion. *See Riding v. Berryhill*, 2018 WL 2905742, at *9 (S.D. Ala. June 11, 2018); *see also* 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."). In this case, the ALJ based his assessment on the relevant evidence, including medical records. In sum, the court concludes that the ALJ did not commit error as to this issue.

## C.    Failure to Consider Miller's Pain Testimony

Miller claims that the ALJ erred in evaluating his credibility. Doc. 12 at 13–14. Specifically, Miller argues that the ALJ failed to provide specific and adequate reasons for discrediting his statements concerning his pain. Doc. 12 at 14.  For the following reasons, the court agrees with Miller.

The social security regulations provide that a claimant's subjective complaints of pain cannot alone establish disability.  Rather, the regulations describe additional objective evidence that is necessary to permit a finding of disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529.  Construing these regulations, the Eleventh Circuit has articulated a "pain standard."  To demonstrate disability based on testimony of pain or other subjective symptoms, a claimant must satisfy two parts of the Eleventh Circuit's three-part pain standard: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

An ALJ is free to discredit a claimant's testimony. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).  Importantly, a claimant's testimony that is supported by medical evidence and satisfies the pain standard "is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  "Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony." *Crow v. Colvin*, 36 F. Supp. 3d 1255, 1259 (N.D. Ala. 2014). "If the ALJ discredits subjective

testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225. Otherwise, "the testimony be accepted as true." *Id.* In any event, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [Miller's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

In this case, Miller has submitted sufficient evidence of an underlying medical condition, and the Commissioner does not argue otherwise. The question therefore is whether or not the ALJ properly discredited Miller's testimony.

The ALJ here determined that Miller's underlying conditions "could reasonably be expected to produce the alleged symptoms." R. 27. However, he found that Miller's "statements concerning the intensity, persistence and limiting effects" of his symptoms were "not consistent with the evidence . . . for the reasons explained" in the decision. R. 27. As support for his credibility finding, and while acknowledging that it did not implicate the relevant time period, the ALJ noted that Miller reported improved health when he stopped drinking alcohol in March 2014. R. 27 & 225–26. The ALJ cited Miller's improved sleep, patience, appetite, and enhanced social interactions when not using alcohol. R. 27 & 226. The ALJ then noted that Miller "was cooperative and alert, and in September 2011, during a period of sobriety, he was doing well." R. 27.

The ALJ observed that Miller complained in March 2014 of vomiting blood and that scans showed abnormalities of unknown cause. R. 27 & 416. The ALJ further suggested that Miller, during a period of sobriety, only sought routine treatment and that his medical provider noted no intensification in symptoms or complaints. The court notes

here, after its own examination of the record, that Miller reported he was in pain and that

he had begun drinking alcohol again. R. 27 & 497–99.  All of this, according to the ALJ,

"shows that even during longer periods of sobriety, [Miller's] physical limitations

remained largely unchanged." R. 27.  The ALJ also relied on evidence illustrating that

Miller missed appointments, that he did not comply with prescribed treatment, and that he

only worked sporadically in the years prior to the alleged disability date as suggestive of a

lack of credibility. R. 27, 188 & 445–56.  Notably, however, the ALJ did not actually

conclude that Miller's testimony lacked credibility because he may have worked

sporadically in the years preceding the disability date; the ALJ only posed this conclusion

in the form of a question. R. 27.

The ALJ's conclusion that Miller's statements "lack consistency with the evidence"

is conclusory and does not demonstrate substantial evidence in support of his decision.

R. 28.  The court is unable to determine whether the ALJ was clearly wrong to discredit

Miller's statements because the ALJ has not articulated a clear foundation for his decision.

*Milner v. Berryhill*, 2018 WL 3613994, at *7 (M.D. Ala. July 27, 2018) (holding that the

"failure to 'shed any meaningful light on the reasons for discounting the [claimant's]

testimony' constitutes reversible error because it prevents the court from determining—

without impermissibly reweighing the evidence itself—whether substantial evidence

supports the ALJ's reasoning").  In social security appeals, there is a difference between

"summarizing evidence [and] analyzing it." *McCauley v. Comm'r of Soc. Sec.*, 2017 WL

4297239, at *8 (M.D. Fla. Sept. 28, 2017).  And it is "the responsibility of the ALJ to

conduct the appropriate legal analysis and his written decision must include sufficient

reasoning to permit the court to determine he has done so." *Johnson v. Colvin*, 2014 WL 2920847, at *4 (M.D. Ala. June 27, 2014). In this case, the ALJ's failure to articulate "explicit and adequate" reasons for rejecting Miller's subjective statements precludes the court from determining whether his reasoning is supported by substantial evidence and thus constitutes a ground for reversal.

## VI.  CONCLUSION AND ORDER

Based on the foregoing, the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and based upon the proper legal standards. It is therefore ORDERED that the decision of the Commissioner denying benefits is REVERSED and this matter REMANDED for the purpose of issuing a new disability determination consistent with this opinion.

A final judgment will be entered separately.

DONE this 10th day of December, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE